# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEIDI FARRARA,**<br>Plaintiff,<br>vs.<br>**COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC,**<br>Defendant. | CASE NO. 15-cv-04867-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ENTRY FOR STIPULATION OF VOLUNTARY DISMISSAL AND ENTRY OF SETTLEMENT**<br><br>Re: Dkt. No. 42 |

Now before the Court is plaintiff's Motion to Set Aside Entry for Stipulation of Voluntary Dismissal and Entry of Settlement pursuant to Federal Rule of Civil Procedure 60.[1] (Dkt. No. 42 ("Motion").) Plaintiff's motion is based principally on allegations that her attorney, Mark T. Gallagher of Cable Gallagher, acted without her knowledge and authority in settling the above-captioned case. While plaintiff fails to identify the provision(s) of Rule 60 by which she moves the Court to set aside the dismissal of the instant action, the nature of her allegations indicates that she seeks relief under Rule 60(b)(1), Rule 60(b)(3), Rule 60(b)(6), and Rule 60(d)(3). Having carefully considered the moving and opposing papers, and for the reasons set forth below, the court **DENIES** plaintiff's motion.

Pursuant to Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---
[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Local Rule 7-1(b), the Court finds this matter appropriate for decision without oral argument.

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). A motion pursuant to Rule 60(b) must "be made within a reasonable time," which is capped within one year for motions seeking relief under Rules 60(b)(1), (2), and (3). Fed. R. Civ. P. 60(c)(1). In addition, Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court," and it does not have a specific limitations period. *See Fuller v. Johnson*, 107 F. Supp. 3d 1161, 1170 (W.D. Wash. 2015) ("Motions under Rule 60(b) must be made within a reasonable time, . . . [but] Rule 60(d)(3) has no time limit . . . .") (citation omitted); *see also Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981) ("There is no statute of limitations for fraud on the court.").

This Court entered final judgment on October 17, 2016 (Dkt. No. 41), and plaintiff did not file the instant motion until just over one year later, on October 18, 2017. Thus, to the extent plaintiff seeks relief from judgment under Rules 60(b)(1) or 60(b)(3), the motion is untimely. *See DuFour v. Allen*, No. 2:14-cv-05616-CAS(SSx), 2017 WL 3013240, at *3 (C.D. Cal. July 12, 2017) ("To the extent plaintiff seeks to set aside a judgment pursuant to Rule 60(b)(1), plaintiff's motion is untimely because he filed it more than one year after the . . . judgment. . . . Thus, the Court is 'without jurisdiction to consider' plaintiff's Rule 60(b)(1) motion." (citation omitted) (quoting *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)); *Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 411 (C.D. Cal. 2016) ("Rule 60(c) imposes an inflexible one-year time limit on Rule 60(b)(3) motions.").[2] Moreover, the Ninth Circuit has cautioned:

---

[2] Though the Court need not reach the merits of plaintiff's motion insofar as plaintiff seeks relief under Rules 60(b)(1) or 60(b)(3), it notes the "general rule" that "parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260

2

> Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. Accordingly, a party who moves for such relief must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.

*Latshaw*, 452 F.3d at 1103 (citations, internal quotation marks, and ellipsis omitted). The "extraordinary circumstances" standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere "second bite at the apple." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989).

Here, the record shows that plaintiff and defendant signed and entered into a binding and enforceable settlement agreement on September 8, 2016 whereby plaintiff agreed to release all claims (known and unknown) and dismiss the lawsuit with prejudice, in exchange for $5,000. (*See* Declaration of Nicole A. Legrottaglie Exh. A, Dkt. No. 44-1.) Although plaintiff attributes fault to her counsel for alleged misconduct, she fails to explain why she waited over one year to file the instant motion, despite that it appears from her declaration that she attempted to contact Mr. Gallagher as early as November 2016 to discuss the settlement and dismissal of the lawsuit.[3] (*See* Declaration of Heidi Farrara at ECF 9, Dkt. No. 43.) Since plaintiff has made no showing that "extraordinary circumstances" caused her delay in filing the instant motion, she is not entitled to relief under Rule 60(b)(6).

---

(9th Cir. 2004); *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes . . . intentional misconduct. Such mistakes are more appropriately addressed through malpractice claims."). In a similar vein, the Ninth Circuit has stated that "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw*, 452 F.3d at 1101. With respect to Rule 60(b)(3), the Ninth Circuit has held that it "permits relief only when the fraud was committed by 'an *adverse party*.'" *Id*. at 1102 (quoting *In re Grantham Bros.*, 922 F.2d 1438, 1442–43 (9th Cir. 1991)) (emphasis supplied).

[3] *See Waters v. Casas*, CV 09-7696 CAS (AJWx), 2012 WL 12887061, at *3 (C.D. Cal. July 9, 2012) ("[P]laintiff's motion [for reconsideration] is untimely even under Rule 60's 'reasonable time' standard because plaintiff waited [more than five] months after the order was entered to file the present motion and has not provided a reason for such delay. Plaintiff has not demonstrated any extraordinary circumstances that may have prevented him from taking timely action. Thus, . . . plaintiff's motion for reconsideration is untimely."). That plaintiff was able to file a complaint against Mr. Gallagher with the State Bar of California approximately six months prior to filing the instant motion further indicates a lack of extraordinary circumstances preventing her from filing the instant motion for relief from judgment sooner. (*See* Motion at ECF 42.)

Finally, to the extent plaintiff seeks relief under Rule 60(d)(3), the Court finds there is no showing that "fraud on the court" was committed. The Ninth Circuit has directed that the term "fraud on the court" should be "read narrowly, in the interest of preserving the finality of judgments . . . ." *Toscano v. Comm'r*, 441 F.2d 930, 934 (9th Cir. 1971). Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not [sic] perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Latshaw*, 452 F.3d at 1104 (alteration in original) (internal quotation marks omitted). Mr. Gallagher's alleged malpractice in representing plaintiff in this lawsuit falls short of "defil[ing] the court itself," *Latshaw*, 452 F.3d at 1104, and hardly resembles an "unconscionable plan or scheme which is designed to improperly influence the court in its decision," *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988) (internal quotation marks omitted). While plaintiff is left with a judgment with which she is apparently unhappy, the record does not support a finding that "the integrity of the legal process has [] been impaired." *Latshaw*, 452 F.3d at 1104.

Accordingly, plaintiff's motion is **DENIED**.

This Order terminates Docket Number 42.

**IT IS SO ORDERED.**

Dated: May 29, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**